**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-30143 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00007-DLC-1 |
| v. | |
| JOSEPH FRANKLIN REYNOLDS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted August 21, 2023
Portland, Oregon

Before:  BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

Joseph Reynolds was indicted for and pled guilty to transferring obscene materials to minors and receiving child pornography.  He appeals the imposition of a special condition of supervised release allowing him "only one device that has access to online services."  We have jurisdiction under 28 U.S.C. § 1291. We review for plain error and conclude that the district court did not err in imposing the

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

condition.

Using a cell phone he found at a skate park, Reynolds sent explicit photos to several minor girls. He posed as one young victim's ex-boyfriend and harassed her until she sent nude photos of herself. He obtained additional nude photos of another victim by blackmailing her and from a third victim by personally photographing her during a sexual encounter. Law enforcement investigated and found additional videos and images of child pornography on his computer, including images of prepubescent children as well as sadistic and masochistic images.

Reynolds was originally sentenced to sixty months incarceration, followed by a total ten years of supervised release. After serving his sentence, Reynolds violated the terms of his supervised release. In fact, over the course of four years, Reynolds violated his supervised release six times, and each time, the court imposed an online devices condition. Now, for the first time, Reynolds challenges the condition as unconstitutionally vague.

Because Reynolds did not raise the issue before the district court, we review for plain error. *United States v. Wells*, 29 F.4th 580, 592 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 267 (2022) ("The ordinary rule in criminal cases—established by Federal Rule of Criminal Procedure 52(b) and by Supreme Court precedent—is that 'plain error' review applies to arguments raised for the first time on appeal." (citation omitted)). Under plain error review, any vagueness must be "so clear-cut, so

2

obvious, a competent district judge should be able to avoid it without benefit of objection." *United States v. Matus-Zayas*, 655 F.3d 1092, 1098 (9th Cir. 2011) (citation omitted).

Reynolds argues that this court's decision in *Wells* renders Reynolds's condition unconstitutionally vague. A condition is impermissibly vague if "men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Soltero*, 510 F.3d 858, 866 (9th Cir. 2007) (citation and internal quotation marks omitted).

In *Wells*, a man pled guilty to possession of child pornography, 29 F.4th at 583, and as part of his sentence, the district court imposed conditions of supervised release, including a "computer ban" and an "internet ban," *id.* at 588. The "computer ban" relied on a lengthy statutory definition of "computer," which required that people "necessarily guess at its meaning and differ as to its application." *Id.* at 588–89 (quoting *United States v. Evans*, 883 F.3d 1154, 1160 (9th Cir. 2018)). Our court expressed concern that this unclear definition could lead people to believe other "common household objects" were also computers, *id.* at 588, and ultimately determined that the computer ban was unconstitutionally vague, *id.* at 589.

Unlike in *Wells*, a condition restricting possession of a "device that has access to online services" does not reference a muddled statutory definition and does not share the same vagueness issues presented by the term "computer." This case turns

3

on internet connectivity, rather than characteristics of the device itself. And whether a device is capable of accessing the internet is clear enough.[1] Reynolds may only have one device that connects to the internet, and that device must be approved by the probation officer.

Although they might have been more clearly written, the condition's restrictions on "additional devices" and "data storage devices" are also not so obviously vague as to fail plain error review. At oral argument, the government reasonably interpreted "any device" and "additional devices" as referring only to those devices mentioned previously in the condition—i.e., devices capable of accessing the internet. This includes devices that have online capabilities that have been disabled (e.g., a tablet or smartphone on airplane mode with the Wi-Fi connection turned off). While the phrase "data storage devices," standing on its own, might present more difficult questions, taken in context, the phrase is not vague. In light of Reynolds's offense and the rest of the condition's language, "data storage devices" must be construed as limited to devices capable of storing sexually explicit material.

---

[1] Reynolds argues that the condition could apply to modern "smart" devices in one's home, like digital photo frames, music systems, and thermostats. Reynolds appears to be indirectly claiming that the online device category is too broad. But counsel at argument acknowledged that Reynolds has never raised an overbreadth challenge. Instead, he only argues the condition is "vague."

Despite "the importance of the Internet for information and communication," *United States v. Rearden*, 349 F.3d 608, 620 (9th Cir. 2003), our court has routinely upheld internet bans when they are reasonably related to the offense, *id.* at 621, particularly in child pornography cases. *See United States v. LaCoste*, 821 F.3d 1187, 1191 (9th Cir. 2016) ("[This court has] upheld conditions barring all Internet use … when the offenses at issue involved child pornography or sexual abuse of minors."); *United States v. Antelope*, 395 F.3d 1128, 1142 (9th Cir. 2005) (upholding a prohibition on "access to any on-line computer service" where the internet was "essential to the commission of [the] crime"). Thus, in *Wells*, we found a complete internet ban not only constitutionally permissible but also necessary—both for "rehabilitation and to 'insure the protection of the public'" given the "'strong link between child pornography and the internet.'" 29 F.4th at 591 (citations omitted). In other words, the restriction was not only reasonably related to the offense but "essential and integral" to it. *Id.*

Here, the district court did not go as far as entirely limiting Reynolds's access to the internet. Instead, it limited that access to one online device and allowed "flexibility" by giving the probation officer discretion to allow controlled internet access. *See id.* at 592 (allowing a complete internet ban but acknowledging that the probation officer's "approval … gives the flexibility to allow for some exceptions to

5

the total ban on … internet access if the probation office deems the use safe and without risk of obtaining child pornography").

**AFFIRMED.**